NATHANIEL LADD, Administrator, *vs.* JOHN F. KIMBALL & others.

A writ in an action brought before a justice of the peace, laying damages at a sum beyond his jurisdiction, cannot be amended in the court of common pleas on appeal by reducing that sum, but must be dismissed.

ACTION OF TORT, brought before a justice of the peace, for breaking and entering the dwelling-house of the plaintiff's intestate in Boxford. *Ad damnum* $180. The justice gave judgment for the plaintiff for $100, and the defendants appealed to the court of common pleas. In that court the plaintiff moved to amend his writ by reducing the *ad damnum* to $100, but the court overruled the motion, and dismissed the action. The plaintiff appealed to this court.

*W. C. Endicott,* for the plaintiff. An amendment in form or substance may be made at any time before final judgment, and the *ad damnum* in a writ may be increased, reduced, or, where it is omitted, inserted by amendment. Rev. Sts. *c.* 100, § 22. *Cragin* v. *Warfield,* 13 Met. 215. *Kimball* v. *Wilkins,* 2 Cush. 555. *Cleaves* v. *Lord,* 3 Gray, 71. *Danielson* v. *Andrews,* 1 Pick. 156. *McIniFe* v. *Wheelock,* 1 Gray, 600. *Crafts* v. *Sikes,* 4 Gray, 194 & cases there cited. *McLellan* v. *Crofton,* 6 Greenl. 325. *Converse* v. *Damariscotta Bank,* 15 Maine, 431. The court of common pleas may properly allow amendments in form or substance in cases brought before it from a justice of the peace. An appeal from a justice of the peace is to be entered in the court of common pleas, tried and finally determined in the same manner as if it had been originally commenced there. Rev. Sts. *c.* 85, § 13. An appeal vacates the judgment of the court below, and the appellate court will hear the case, as if no judgment had been rendered, and will allow amendments, receive new evidence, and treat the case as an original action. *Campbell* v. *Howard,* 5 Mass. 376. *Peck* v. *Hapgood,* 10 Met. 175.

This court has jurisdiction of an appeal or exceptions upon a question of amendment raised by motion to dismiss in matter

Ladd, Administrator, *v.* Kimball & others.

of law. *Bowler* v. *Palmer,* 2 Gray, 553. *Kimball* v. *Wilkins,* 2 Cush. 555.

*J. P. Jones & W. A. Herrick,* for the defendants.

DEWEY, J.* It might perhaps be a sufficient reason for our dismissing this appeal that the refusal of the court of common pleas to grant the motion of the plaintiff to amend his writ was not a legal ground for taking an appeal to this court. Without such amendment, it was clearly a case not cognizable by a justice of the peace, and no appellate jurisdiction existed in the common pleas.

But we think the appeal must be dismissed on more general grounds. The jurisdiction of the court of common pleas was wholly appellate, and unless the court before which the action was originally instituted had jurisdiction of the case, the appellate court had none. The case presented was one where the court below had no jurisdiction, the damages demanded exceeding those of the jurisdiction of a justice of the peace. *St.* 1852, *c.* 314. No amendment was there made, reducing the damages demanded. Whatever power the court of common pleas might have possessed to amend the proceedings in their own court, any amendment made by them could not affect the case as it existed before the justice of the peace. The case on its face was one in which the court in which it was originally instituted had not jurisdiction at any time while it was pending before them, and this defect could not be obviated by any amendment made in the appellate court. The appeal to this court must therefore be dismissed, and the order of the court of common pleas, dismissing the action, be affirmed with costs to the defendants. *Judgment affirmed.*

---

* This and the following cases were argued at Boston, in January 1859, before SHAW, C. J., DEWEY, METCALF, and BIGELOW, JJ.